UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Shawn Gilbert and<br>Jennifer Gilbert,<br><br>Plaintiffs<br>vs.<br><br>Freeman Law Firm PLC and<br>Superior Construction Services, Inc.,<br><br>Defendants. | I<br>I<br>I<br>I<br>I<br>I<br>I<br>I<br>I<br>I<br>I<br>I | Civil File No.: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant Freeman Law Firm PLC's violations of the Fair Debt Collection Practices Act, 15 USC Section1692 *et seq.* (hereinafter "FDCPA").

2. This action arises out of Defendant Superior Construction Services, Inc.'s violations of the Federal three-day "Cooling Off" law, 12 CFR 226 *et seq.*

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 USC Section 1331, under 15 USC 1601 *et seq.,* and under 15 USC Section 1692k(d).

4. Venue is proper in this District because the acts and transactions occurred here, the Plaintiffs reside here, and Defendants transact business here.

## PARTIES

5. Plaintiff Shawn Gilbert and Plaintiff Jennifer Gilbert (hereinafter the "Gilberts") are natural persons residing in their principal dwelling at 3401 Hayes St. NE in the County of Hennepin, State of Minnesota, and are "consumers" as that term is defined by 15 USC Section 1692a(3) and 12 CFR 226.2 (11).

6. Defendant Freeman Law, PLC (hereinafter "Freeman") is a professional limited liability company that operates as a "debt collector" as that term is defined by 15 USC Section 1692a(3).

1

7. Defendant Superior Construction Services, Inc. (hereinafter "Superior") is a "creditor" as defined by 15 USC Section 1692a(4) and 12 CFR 226.2 (17).

## FACTUAL ALLEGATIONS

8. The Gilberts incurred an alleged financial obligation with Superior, which is a "creditor" as that term is defined by 15 USC Section 1692a(4).

9. The Superior obligation was primarily for personal, family, or household purposes, and is an alleged "debt" as that term is defined by 15 USC Section 1692a(5), and is deemed to be a "consumer debt."

10. The Gilberts' alleged debt was transferred, sent, or otherwise consigned to Freeman for collection from the Gilberts on or about March 1, 2015.

11. On or about March 1, 2015 and July 23, 2015, Freeman sent letters directly to the Gilberts' residence.

12. Freeman's letters do not include a statement that if the Gilberts notify Freeman in writing within the 30 – day period that the debt, or a portion thereof, is disputed, Freeman will obtain verification of the debt. This verification is known as a "validation notice" and is required by 15 USC Section 1692g.

13. Freeman violated 15 USC Section 1692g because Freeman's letters fail to contain a validation notice required by the FDCPA.

14. Freeman violated 15 USC Section 1692g because Freeman's letters demanded payment without a validation notice, thereby violating the Gilberts' consumer rights.

15. Freeman violated the FDCPA when he sent the letters to the Gilberts' residence, thereby communicating directly with the Gilberts and Freeman knew that the Gilberts were represented by an attorney.

16. The Gilberts have incurred actual damages under the FDCPA in the form of out – of – pocket expenses as a result of Freeman's acts and omissions.

17. The foregoing acts of Freeman constitute distinct violations of the FDCPA against the Gilberts, including but not limited to each and every one of the above cited provisions of the FDCPA.

18. As a result of Freeman's violations of the FDCPA, the Gilberts have suffered actual damages in the form of loss of sleep, fear of answering the phone, fear of answering the door, nervousness, headaches, stress, anxiety, and other negative emotions and thoughts, such that the Gilberts are entitled to actual damages pursuant to 15 USC Section 1692k(a)(1) and other provisions of the FDCPA.

19. As a result of Freeman's violations of the FDCPA, the Gilberts have incurred out – of – pocket expenses such that the Gilberts are entitled to actual damages pursuant to 15 USC Section 1692k(a)(1) and other provisions of the FDCPA.

20. As a result of Freeman's violations of the FDCPA, Shawn Gilbert and Jennifer Gilbert are each entitled to statutory damages of $1,000.00 from Freeman for each violation, and for the Gilberts' attorney fees and costs pursuant to 15 USC Section 1692k(a)(2)(A) and 15 USC 1692k(a)(3) and other provisions of the FDCPA.

21. The purpose of 12 CFR 226 *et seq.* is to promote the informed use of consumer credit by requiring disclosures about its terms and cost. The regulation also includes substantive protections. It gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling.

22. The Gilberts are "consumers" as that term is defined by 12 CFR 226.2 (11).

23. Superior is a "creditor" as that term is defined by 12 CFR 226.2 (17).

24. Superior entered into a contract with the Gilberts that included a security interest to be retained or acquired in the Gilberts' principal dwelling.

25. Superior appeared at the Gilberts' residence and engaged in high-pressure sales tactics and induced the Gilberts to sign the contract on the premises of the Gilbert's principal dwelling.

26. Superior never informed the Gilberts that the Gilberts could hire a contractor of their own choosing.

27. Superior failed to adequately provide written notice to the Gilberts as required by 12 CFR 226 *et seq.*, and specifically, 12 CFR 226.4, 12 CFR 226.5, 12 CFR 226.6, 12 CFR 226.7, and 12 CFR 226.8.

28. Superior's contract fails to adequately provide for disclosures for a "security interest" as defined by 12 CFR 226.2 (25).

29. 12 CFR 226.15(a)(i) includes a consumer's right to rescind a contract in which a security interest is or will be retained or acquired in a consumer's principal

3

dwelling. Each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind: each credit extension made under the plan; the plan when the plan is opened; a security interest when added or increased to secure an existing plan; and the increase when a credit limit on the plan is increased.

30. 12 CFR 226.15(b) requires that, in any transaction or occurrence subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall identify the transaction or occurrence and clearly and conspicuously disclose the following:

    (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
    (2) The consumer's right to rescind, as described in paragraph (a)(1) of this section.
    (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
    (4) The effects of rescission, as described in paragraph (d) of this section.
    (5) The date the rescission period expires.

31. Superior violated 12 CFR 226.15(b) by failing to provide to the Gilberts the required notice of their right to rescind the contract with Superior.

32. By this Complaint and by contemporaneous writing, the Gilberts are giving notice to Superior that the Gilberts are rescinding the contract, and each subsequent contract claimed by Superior against the Gilberts.

33. 12 CFR 226.15(d)(1) requires that when a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void, and the consumer shall not be liable for any amount, including any finance charge.

34. 12 CFR 226.15(d)(2) requires that within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

35. As a result of the Gilberts rescission of each and every contract claimed by Superior, Superior must release its mechanic's lien, and any other claim filed on the record of the property title of the Gilberts' principal dwelling, namely 3401 Hayes St. NE, in the City of Minneapolis, County of Hennepin, State of Minnesota.

36. As a result of Superior's violations of 12 CFR 226 *et seq.*, the Gilberts are entitled to an award of costs and attorney fees.

37. The Gilberts are entitled to a jury trial and hereby demand one.

## COUNT I

### VIOLATION OF FDCPA

The Gilberts restate and re-allege each of the foregoing paragraphs as though fully set forth herein, and further state and allege as follows:

38. The above – described acts of Freeman are distinct violations of the FDCPA against the Gilberts.

39. As a result of these violations, the Gilberts have suffered actual damages in the form of loss of sleep, fear of answering the phone, fear of answering the door, nervousness, headaches, stress, anxiety, and other negative emotions and thoughts, such that the Gilberts are entitled to actual damages pursuant to 15 USC Section 1692k(a)(1) and other provisions of the FDCPA.

40. As a result of these violations, the Gilberts have incurred out – of – pocket expenses such that the Gilberts are entitled to actual damages pursuant to 15 USC Section 1692k(a)(1) and other provisions of the FDCPA.

41. As a result of Freeman's violations of the FDCPA, Shawn Gilbert and Jennifer Gilbert are each entitled to statutory damages of $1,000.00 from Freeman for each violation, and for the Gilberts' attorney fees and costs pursuant to 15 USC Section 1692k(a)(2)(A) and 15 USC 1692k(a)(3) and other provisions of the FDCPA.

## COUNT II

### VIOLATION OF 12 CFR 226 *et seq.*

The Gilberts restate and re-allege each of the foregoing paragraphs as though fully set forth herein, and further state and allege as follows:

42. The above – described acts of Superior are distinct violations of 12 CFR 226 *et seq.* against the Gilberts.

43. As a result of Superior's violations of 12 CFR 226 *et seq.*, the Gilberts are entitled to rescind Exhibit 3, and each subsequent contract claimed by Superior against the Gilberts regarding their principal dwelling.

5

44. As a result of Superior's violations of 12 CFR 226 *et seq.*, the Gilberts are entitled to a judicial declaration that the security interest giving rise to the right of rescission is void, and the Gilberts are not liable for any amount, including any finance charge.

45. As a result of Superior's violations of 12 CFR 226 *et seq.*, and specifically 12 CFR 226.15(d)(2), the Gilberts are entitled to a judicial declaration that within 20 calendar days after receipt by Superior of the Gilberts' notice of rescission, Superior must return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

46. As a result of Superior's violations of 12 CFR 226 *et seq.*, and specifically 12 CFR 226.15(d)(2), the Gilberts are entitled to a judicial declaration that within 20 calendar days after receipt by Superior of the Gilberts' notice of rescission, Superior must release its mechanic's lien, and any other record filed on the record of the property title of the Gilberts' principal dwelling, namely 3401 Hayes St. NE, in the City of Minneapolis, County of Hennepin, State of Minnesota.

47. As a result of Superior's violations of 12 CFR 226 *et seq.*, the Gilberts are entitled to an award of costs and attorney fees.

**WHEREFORE,** the Gilberts pray for judgment of the Court against Defendant Freeman and Defendant Superior for the following relief:

1. A judicial declaration that Freeman has violated the FDCPA.

2. A judicial decision in favor of the Gilberts and against Freeman for statutory damages for each violation of the FDCPA.

3. Judgment in favor of the Gilberts and against Freeman for the Gilberts' actual damages, the exact amount to be proven at trial.

4. Judgment in favor of the Gilberts and against Freeman for the Gilberts' out-of-pocket costs and attorney fees.

5. A judicial declaration in favor of the Gilberts and against Superior that discharges the Mechanic's Lien and all other claims of record on the title to the Gilberts' principal dwelling, namely 3401 Hayes St. NE, in the City of Minneapolis, County of Hennepin, State of Minnesota.

6. A judicial declaration in favor of the Gilberts and against Superior to rescind any and all contracts claimed by Superior against the Gilberts regarding the Gilberts' principal dwelling, namely 3401 Hayes St. NE, in the City of Minneapolis, County of Hennepin, State of Minnesota.

7. Judgment in favor of the Gilberts and against Superior for the Gilberts' out-of-pocket costs and attorney fees; and

8. For such other and further relief as this Court may deem just and equitable.

CHAPIN CONSULTING, LLC

/s/ *M. Chapin Hall*

Dated:  April 22, 2016

_____
M. Chapin Hall (# 0167496)
The Commons Minnetonka, Suite 204
14451 Highway 7
Minnetonka, MN 55345
(952) 200-9407
Attorney for Plaintiffs Shawn Gilbert and Jennifer Gilbert